UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONTENA MILES,

    Petitioner,

v.                                                 CASE NO. 8:14-CV-1482-T-27TGW
                                                 CRIM. CASE NO. 8:12-CR-145-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the motion (CV Dkt. 2). Petitioner challenges his sentence as a career offender, arguing that his prior state convictions for possession of cocaine with intent to sell or deliver under Fla. Stat., Section 893.13, and for fleeing and eluding under Fla. Stat., Section 316.1935, which formed the basis of his career offender sentence enhancement, are neither "crimes of violence" nor "controlled substance offenses" as defined in the United States Sentencing Guidelines.[1] After conducting the review required by

---

[1] § 4B1.1 of the Guidelines provides in pertinent part that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "crime of violence" is defined in § 4B1.2(a) of the Guidelines as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

Rule 4(b), Rules Governing Section 2255 Proceedings,[2] it is apparent that the Section 2255 motion is due to be summarily dismissed because it plainly appears from the motion and record of prior proceedings that the motion is time-barred, and Petitioner's claim is procedurally defaulted and does not warrant relief on the merits. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

## PROCEDURAL BACKGROUND

On July 6, 2012, Petitioner pleaded guilty, pursuant to a plea agreement, to Count Seven of the Indictment which charged Petitioner with distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) & 18 U.S.C. § 2 (CR Dkts. 1, 49, 52, 56). On December 3, 2012, Petitioner was sentenced to one hundred eighty-eight (188) months in prison to be followed by eight years of supervised release (CR Dkts. 77, 80). In doing so, the Court treated the Petitioner as a career offender pursuant to U.S.S.G. § 4B1.1 based on two state convictions for fleeing and eluding, and one state conviction for possession of cocaine with the intent to sell or deliver.[3]

---

    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

A "controlled substance offense" is defined in § 4B1.2 of the Guidelines as:

    an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[2]Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

[3]See Presentence Report, paragraph 44.

Petitioner did not file a direct appeal. Petitioner signed his Section 2255 motion on June 14, 2014 (CV Dkt. 1 at docket p. 13).

## DISCUSSION

I. The Motion is Time-Barred[4]

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4]This Court has discretion to *sua sponte* raise the issue of the timeliness of Petitioner's § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus). *See also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted). In responding to question 18 on the standard form for a Section 2255 motion to vacate, which instructs a petitioner to "explain why the one-year statute of limitations as contained in 28 U.S.C.§ 2255 does not bar your motion[,]" Petitioner asserted that "the memorandum of law contains an argument addressing the timeliness of the motion under 28 USC § 2255(f)(3) in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013)." (CV Dkt. 1, p. 12). Petitioner's answer to question 18 and his statements in his memorandum of law (see CV Dkt. 2 at p. 4) demonstrate that he understood the need to explain why this court should not dismiss his motion as untimely. Accordingly, Petitioner was afforded sufficient notice and opportunity to present his position on the timeliness of his motion. *Day v. McDonough*, 547 U.S. at 209.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on December 6, 2012 (CR Dkt. 80). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen (14) days later, on December 20, 2012. *See Murphy*, 634 F.3d at 1307 ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the ... entry of either the judgment or the order being appealed"). Petitioner therefore had one year from that date, December 20, 2013, to file his Section 2255 motion. He did not file the Section 2255 motion until June 14, 2014, more than five months after the limitation period expired.[5] Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Petitioner contends that he is entitled to a delayed start of the one-year limitation period under Section 2255(f)(3) based on a "substantive change in the law" in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (see CV Dkt. 1 at docket p. 12; CV Dkt. 2 at docket pp. 2-5). However, the Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review, and therefore Section 2255(f)(3) is not applicable to Petitioner's case. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). And district courts have uniformly rejected the retroactive application of *Descamps*. *See, e.g., Reed v. United States*, 2013 U.S. Dist. LEXIS 146141, 2013 WL 5567703, 3 (M.D.Fla.

---

[5]For timeliness purposes, the court considers Petitioner's Section 2255 motion filed on the day that he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a *pro se* prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

2013); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Petitioner cannot, therefore, avail himself of a delayed start under Section 2255(f)(3).

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.[6] Petitioner, however, does not contend that he is entitled to equitable tolling. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from December 20, 2012, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed on June 20, 2014, is time-barred, precluding federal review.

II. Petitioner's Claim is Procedurally Defaulted and Lacks Merit

Even if the Section 2255 motion was not time-barred, Petitioner's claim that he was improperly classified as a career offender is procedurally defaulted because Petitioner failed to raise it on direct appeal. *See Galvez v. United States*, 515 F.App'x 855, 856 (11th Cir. 2013) (unpublished) (petitioner's challenge to his career offender classification under U.S.S.G. § 4B1.1 in a § 2255 proceeding was procedurally defaulted for failure to raise issue on direct appeal) (citing

---

[6]The burden of establishing equitable tolling is on Petitioner. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). To establish equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

*Lynn v. United States*, 365 F.3d 1225, 1232 n.14 (11th Cir. 2004)). Generally, a federal criminal defendant who fails to preserve a claim by objecting at trial and raising it on direct appeal is procedurally barred from raising the claim in a Section 2255 motion, absent a showing of either cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Rivers v. United States*, 476 Fed. App'x 848, 849 (11th Cir. 2012).

Petitioner does not demonstrate cause and prejudice for the default. Although Petitioner contends that his claim was foreclosed by circuit precedent at the time he was sentenced, the perceived futility of a claim does not establish cause to excuse the default. *See Hill v. United States*, 2014 U.S. App. LEXIS 6216, at *4 (11th Cir. April 4, 2014) (unpublished) ("A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal.") (citing *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001)). Petitioner likewise cannot satisfy the actual innocence exception to the procedural bar because he argues only that he is legally innocent of a crime of violence and controlled substance offense, not that he is factually innocent of possessing cocaine with the intent to sell or deliver and fleeing and eluding. *See id.* at *6; *Goodloe v. United States*, 448 Fed. Appx. 980, 2011 U.S. App. LEXIS 24739, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."). Accordingly, Petitioner's claim is procedurally defaulted because he failed to raise it on direct appeal.

Lastly, even if Petitioner's claim was not procedurally defaulted, it would fail on the merits. Petitioner's prior state conviction for possession of cocaine with intent to sell or deliver under Fla. Stat., Section 893.13, is a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *See United*

*States v. Burton*, 2014 U.S. App. LEXIS 8585, at *3 (11th Cir. May 7, 2014) (unpublished) ("A violation of Florida Statutes § 893.13(1)(a) falls squarely within U.S.S.G. § 4B1.2(b)'s definition of a 'controlled substance offense.'"). And Petitioner's two prior state convictions for fleeing and eluding under Fla. Stat., Section 316.1935, are "crimes of violence" under § 4B1.2(b). *See United States v. Ortiz*, 536 Fed. Appx. 893, 897 (11th Cir. 2013) (unpublished) (conviction under § 316.1935(1) is a "crime of violence" under the career offender guidelines); *United States v. Vinales*, 2014 U.S. App. LEXIS 8303, at *40 (11th Cir. May 2, 2014) (unpublished) ("a conviction under Fla. Stat. § 316.1935(3) is a 'crime of violence' as defined by U.S.S.G. § 4B1.2(a) for purposes of the career offender enhancement.") (citing *United States v. Harris*, 586 F.3d 1283, 1289 (11th Cir. 2009)); *cf. also United States v. Petite*, 703 F.3d 1290, 1301 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 182 (2013) ("simple vehicle flight" in violation of Fla. Stat. § 316.1935(2) qualifies as a "violent felony" under the ACCA). Petitioner was therefore correctly sentenced as a career offender.

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate

of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, and Petitioner's claim is procedurally defaulted and without merit, Petitioner cannot satisfy the *Slack* test. 529 U.S. at 484. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _July 28th_, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record